# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

STEVEN BELL,

    Plaintiff,

    v.                                        CASE NO. 18-3219-SAC

(FNU) ENGLISH,

    Defendant.

## ORDER

Plaintiff proceeds pro se and in forma pauperis in this prisoner civil rights action. This matter is before the Court on Plaintiff's motion for an injunction (Doc. 4), and Motion for Access to Court, Law Library, Legal Materials, and Legal Copies, Legal Calls (Doc. 5). Plaintiff alleges that he is "currently in the SHU they will not accommodate [him]." (Doc. 4.) Plaintiff alleges that his access to the law library is limited, as well as his access to legal materials, pens and copies. Plaintiff alleges that he has been instructed to request copies from his Unit Team, however "since they are the defendants in this matter they refuse also because of prior engagement." (Doc. 5, at 1.) Plaintiff alleges that staff are not allowing him to call the circuit clerk or attorney, and are not processing legal mail. Plaintiff asks the Court to require staff to give Plaintiff access to the law library at least two times per week; to require legal copies and legal mail to be processed in a timely fashion; to provide access to paper, forms and pens as needed; and to stop further tampering of legal mail.

To obtain a preliminary injunction, the moving party must demonstrate four things: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm

1

in the absence of preliminary relief; (3) that the balance of the equities tip in the movant's favor; and (4) that the injunction is in the public interest. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). "[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.,* 356 F.3d 1256, 1260 (10th Cir. 2004).

Plaintiff's allegations do not establish that injury is certain and not theoretical, or more than merely feared as liable to occur in the future. "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted). A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *State of Connecticut v. Commonwealth of Massachusetts,* 282 U.S. 660, 674 (1931).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). Moreover, a federal court considering a motion for preliminary injunctive relief affecting the conditions of a prisoner's confinement must give "substantial weight to any adverse impact on public safety" and on prison operation. 18 U.S.C. § 3626(a)(2). Finally, a mandatory preliminary injunction, such as the one sought by Plaintiff, which requires the non-moving party to take affirmative action, is disfavored and therefore requires the moving party to make a heightened showing of the four factors above. *Little*, 607 F.3d at 1251.

Because preliminary injunctions and TRO's are drastic remedies—"the exception rather than the rule—plaintiffs must show that they are clearly and unequivocally entitled to relief." *Adrian v. Westar Energy, Inc.*, No. 11-1265-KHV, 2011 WL 6026148, at *3 (D. Kan. 2011) (citations omitted). The movant must also establish a relationship between the injury claimed in their motion and the conduct alleged in the complaint. *Id.*; *see also Hicks v. Jones*, 332 F. App'x 505, 507–08 (10th Cir. 2009) (affirming denial of injunctive relief where movant sought relief on "a matter lying wholly outside the issues in [his] suit"). Any claim Plaintiff may have regarding access to the courts is unexhausted[1] and fails to allege an injury. *See Proch v. Baker*, Case No. 14-3021-CM, 2017 WL 2793922, at *7 (D. Kan. June 28, 2017) (citing *Lewis v. Casey*, 518 U.S. 343, 349 (1996) (violations of the constitutional right of access to the courts require a showing of injury due to the deprivation); *Sterling v. Edwards*, 881 F. Supp. 488, 490 (D. Kan. 1995) (there must be prejudice)). Plaintiff has failed to allege an injury. In fact, he was able to file his Complaint (Doc. 1), a motion for leave to proceed in forma pauperis (Doc. 2), and two motions for injunctive relief (Docs. 4, 5), as well as three other actions pending before the Court. *See* Case Nos. 18-3206, 18-3232, and 18-3208.

The Court finds that Plaintiff has not met his burden to make a heightened showing that entry of a preliminary injunction is warranted; he has not demonstrated a likelihood of success on the merits such that his right to relief is clear and unequivocal.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for an injunction (Doc. 4) and Motion for Access to Court, Law Library, Legal Materials, and Legal Copies, Legal Calls (Doc. 5) are **denied.**

---

[1] In Case No. 18-3208, Respondent filed a Response (Doc. 6), which includes an objection to Petitioner's motion for an injunction. Respondent notes that Petitioner has failed to exhaust his claim regarding access to the courts through the BOP's four-part administrative remedy program codified at 28 C.F.R. § 542. Respondent also alleges that "Petitioner has appropriate access to the courts, legal copies and the law library." (Doc. 6, at 3.)

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 26th day of October, 2018.**

        **s/ Sam A. Crow**
        **SAM A. CROW**
        **Senior U. S. District Judge**