# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

STEVEN BELL,

    Plaintiff,

    v.                                  CASE NO. 18-3219-SAC

(FNU) ENGLISH,

    Defendant.

## MEMORANDUM AND ORDER

Plaintiff proceeds pro se and in forma pauperis in this prisoner civil rights action. On January 11, 2019, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 8) ("MOSC"), granting Plaintiff until February 4, 2019, in which to show good cause why Plaintiff's Complaint (Doc. 1) should not be dismissed for the reasons stated in the MOSC. Plaintiff has failed to respond to the MOSC by the Court's deadline.

At the time of filing, Plaintiff was in federal custody at USP Leavenworth in Leavenworth, Kansas ("USPL"). Plaintiff names the warden as the sole defendant and seeks injunctive relief releasing him from segregation, preventing him from being transferred, and granting him access to the law library three times per week and legal copies.

In the MOSC, the Court noted that Plaintiff is only seeking injunctive relief in this action and Plaintiff's transfer to a halfway house rendered his request for injunctive relief moot. Because Plaintiff's request relates solely to alleged wrongdoing on the part of USPL employees, the Court would be unable to provide Plaintiff with effective relief. Article III of the Constitution extends the jurisdiction of federal courts only to "live, concrete" cases or controversies. *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th

Cir. 2010). "Article III's requirement that federal courts adjudicate only cases and controversies necessitates that courts decline to exercise jurisdiction where the award of any requested relief would be moot—i.e. where the controversy is no longer live and ongoing." *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994), *superseded by statute on other grounds*. Consequently, "[m]ootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *Rio Grande*, 601 F.3d at 1109 (internal quotations and citations omitted).

"Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief." *O'Shea v. Littleton*, 414 U.S. 488, 495 1974). The Tenth Circuit has applied this principle to § 1983 actions brought by inmates, and held that an inmate's transfer from one prison to another generally renders moot any request for injunctive relief against the employees of the original prison concerning the conditions of confinement. *See Green v. Branson*, 108 F.3d 1296, 1299–1300 (10th Cir. 1997); *see also Wirsching v. Colorado*, 360 F.3d 1191, 1196 (10th Cir. 2004) (inmate's release from prison moots his claims for declaratory and injunctive relief); *McAlpine v. Thompson*, 187 F.3d 1213, 1215 (10th Cir. 1999) (recognizing prisoner's release from prison mooted his § 1983 claim for injunctive relief); *Love v. Summit County*, 776 F.2d 908, 910 n.4 (10th Cir. 1985) (noting transfer of inmate to different prison renders his § 1983 claim for injunctive relief moot); *see also Pfeil v. Lampert*, 603 F. App'x 665, 668 (10th Cir. 2015) (unpublished) (holding that "RLUIPA claims regarding prison conditions become moot if the inmate plaintiff is released from custody.") (citations omitted).

The mootness doctrine is based on the reality that even if the inmate receives injunctive relief, the defendants from the former prison would be unable to provide the relief to plaintiff. Because Plaintiff is no longer incarcerated at USPL, his claims for injunctive relief are moot.

Plaintiff has failed to respond to the MOSC within the allowed time. The Court finds that this case should be dismissed for the reasons set forth in the MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this case is dismissed as moot and for failure to state a claim.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 8th day of February, 2019.**

<u>**s/ Sam A. Crow**</u>
**Sam A. Crow**
**U.S. Senior District Judge**